UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PRI HTAM MARAN,

*Petitioner,*

v.

JOHN ASHCROFT, U.S. Attorney General,

*Respondent.*

No. 03-1445

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A75-318-165)

Submitted: November 17, 2003

Decided: December 11, 2003

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Twinckle K. Vaidya, Richard S. Bromberg, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Joshua E. Braunstein, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pri Htam Maran, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the decision of the immigration judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. The Board adopted the decision of the IJ that Maran failed to present credible evidence establishing past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). We have reviewed the administrative record and the IJ's decision, and find that substantial evidence supports the IJ's ruling that Maran failed to establish her refugee status. The IJ's credibility determinations are supported by specific, cogent reasoning, and therefore are entitled to substantial deference. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989).

We conclude as well that Maran is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000), or under the U.N. Convention Against Torture. The IJ did not err in finding that Maran failed to show a "clear probability of persecution." *See Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."). Nor did Maran establish that it is "more likely than not" that she would face torture if she returned to Indonesia. 8 C.F.R. § 1208.16(c)(2) (2003) (to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

*PETITION DENIED*